**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL WINKFIELD,          ) | |
|           ) | |

SAMUEL WINKFIELD,     )

    Petitioner,     )

v.     )     Case No. 1:14-cv-01102-JDB-egb

CHERRY LINDAMOOD,     )

    Respondent.     )

**ORDER ADDRESSING PENDING MOTIONS
(ECF Nos. 6, 9 & 10)**

Before the Court are the following motions filed in this closed case by Petitioner, Samuel Winkfield, Tennessee Department of Correction prisoner number 433488, who is currently an inmate at the South Central Correctional Facility in Clifton, Tennessee:[1] (i) a document, titled "MOTION TO AMEND/MOTION TO AMEND IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS" (Mot. to Amend, ECF No. 6); (ii) a Motion for Reconsideration and/or Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) (Mot. for Recons., ECF No. 9); and (iii) an In Forma Pauperis Declaration (In Forma Pauperis Decl., ECF No. 10). For the reasons stated below, the Court DENIES the pending motions.

**I.        BACKGROUND**

On May 5, 2014, Winkfield filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") challenging his state convictions for second degree murder and tampering with evidence. (§ 2254 Pet., ECF No. 1.) The Court

---

[1] The Clerk is directed to update Winkfield's address and to mail a copy of this order to him at his address of record. The correct address was obtained from *Winkfield v. Lindamood*, No. 1:14-cv-01182-JDB-egb (W.D. Tenn.).

issued an order on May 8, 2014, directing Petitioner to file an *in forma pauperis* affidavit and trust fund account statement or pay the habeas filing fee within thirty days. (Order, ECF No. 3.) He failed to comply with, or otherwise respond to, this order within the time specified. On June 24, 2014, the Court dismissed the § 2254 Petition "for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." (Order at 1, ECF No. 4.) A judgment was entered on June 25, 2014. (J. in a Civil Case, ECF No. 5.)

It came to the Court's attention, through a filing in another § 2254 proceeding commenced by Winkfield, that the dismissal order and judgment in this case contained a typographical error, namely, the omission of an explicit statement that the dismissal was without prejudice. Unless an order of involuntary dismissal explicitly states otherwise, the dismissal is with prejudice. Fed. R. Civ. P. 41(b). Therefore, on December 3, 2015, the Court, *sua sponte*, issued an amended order dismissing the § 2254 Petition without prejudice. (Am. Order, ECF No. 7.) An amended judgment was entered on December 4, 2015. (Am. J., ECF No. 8.)

On September 14, 2015, the inmate filed a document, titled "MOTION TO AMEND/MOTION TO AMEND IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS." (Mot. to Amend, ECF No. 6.) On February 1, 2016, Winkfield filed a Motion for Reconsideration and/or Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6). (Mot. for Recons., ECF No. 9.) Also on February 1, 2016, he submitted an In Forma Pauperis Declaration that included the certification of the custodian of his inmate trust fund account. (In Forma Pauperis Decl., ECF No. 10.)

## II.       THE PENDING MOTIONS

### A.       The Motion to Amend (ECF No. 6)

Although Winkfield's "MOTION TO AMEND/MOTION TO AMEND IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS" bears the docket number of the instant case, the document was filed in response to a motion to dismiss that had been filed in his subsequent § 2254

proceeding, *Winkfield v. Lindamood*, No. 1:14-cv-01182-JDB-egb (W.D. Tenn.). In that filing, Petitioner explains the circumstances surrounding his failure to file a timely *in forma pauperis* affidavit in the instant case and asks that the motion to dismiss in Case Number 14-1182 be denied and that the instant case be reinstated.

Although the Court did not have the benefit of this motion when it ruled in Case Number 14-1182, the motion to dismiss in that case was denied on September 17, 2015. The Court has also modified the dismissal order and judgment in the instant case to reflect a dismissal without prejudice, which was what had been intended. The Motion to Amend is DENIED as moot.

### B.     The Rule 60(b)(6) Motion (ECF No. 9)

In his Motion for Reconsideration and/or Relief from Judgment, Winkfield seeks reconsideration of the dismissal order in this case or, in the alternative, relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. There is no basis to reconsider the dismissal order because Winkfield did not comply with, or otherwise respond to, the order to file an *in forma pauperis* affidavit or pay the habeas filing fee within the time specified.

Winkfield is also not entitled to relief under Rule 60(b), which provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6)     any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). The Sixth Circuit has emphasized that relief pursuant to Rule 60(b)(6) is rarely appropriate:

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief.

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

"[A] motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008). To the extent Winkfield claims that the dismissal with prejudice was a mistake or a legal error, his motion falls under Rule 60(b)(1). *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007). Where, as here, a Rule 60(b)(1) motion is based on legal error, it must be filed within the normal time for filing a notice of appeal. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007). Any other Rule 60(b)(1) motion may not be filed more than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Winkfield's motion was filed more than one year after the entry of judgment. He cannot circumvent those limitations by relying on Rule 60(b)(6). Even apart from the untimeliness of Petitioner's motion, the error he has identified is not sufficiently exceptional to warrant relief under Rule 60(b)(6). *See In re Walter*, 282 F.3d 434,

440 (6th Cir. 2002).    Therefore, Winkfield's motion for relief from judgment under Rule 60(b)(6)

is DENIED.[2]

### C.    The *In Forma Pauperis* Motion (ECF No. 10)

The *in forma pauperis* motion submitted by Winkfield on February 1, 2016 is both

untimely and unnecessary.    Because Winkfield is litigating Case 14-1182, which challenges the

judgments at issue, no useful purpose would be served by reopening the instant case.    The *in

forma pauperis* motion is DENIED as moot.

IT IS SO ORDERED this 20th day of April, 2016.


s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court modified the dismissal order and judgment in this case *sua sponte*, relying on
Rule 60(a), which provides, in relevant part, that "[t]he court may correct a clerical mistake or a
mistake arising from oversight or omission whenever one is found in a judgment, order, or other
part of the record.    The court may do so on motion or on its own, with or without notice."    The
purpose of Rule 60(a) "is to authorize the court to correct errors that are mechanical in nature that
arise from oversight or omission."    *In re Walter*, 282 F.3d at 440.    "[A] court properly acts under
Rule 60(a) when it is necessary to correct mistakes or oversights that cause the judgment to fail to
reflect what was intended at the time of trial."    *Id.* at 441.    It is the Court's practice to dismiss a
case without prejudice whenever the litigant fails to pay the filing fee or to file a properly
completed *in forma pauperis* affidavit.    Due to an oversight, the dismissal order and judgment in
this case did not contain the customary "without prejudice" language.    This is the type of clerical
error that is properly corrected under Rule 60(a).