# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL WINKFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01102-JDB-egb |
| ) | |
| CHERRY LINDAMOOD, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This case was dismissed in 2014 after Petitioner, Samuel Winkfield, Tennessee Department of Correction prisoner number 433488, who is currently an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, failed to comply with an order to file a properly completed *in forma pauperis* affidavit or pay the habeas filing fee. Due to an error, the dismissal order and judgment failed to specify that the dismissal was without prejudice. The Court corrected that error *sua sponte* in late 2015, when it entered a new dismissal order and amended judgment. (Am. Order, ECF No. 7; Am. J., ECF No. 8.)[1]

Shortly before the entry of the amended dismissal order, Winkfield filed a motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which the Court denied in an order issued on April 20, 2016. (Order, ECF No. 11.) The Court found that "[t]here is no basis to reconsider the dismissal order because Winkfield did not comply with, or otherwise respond to, the order to file an *in forma pauperis* affidavit or pay the habeas filing fee within the

---

[1] The Clerk is directed to modify the docket to substitute SCCF Warden Cherry Lindamood for Michael Donahue as respondent in this matter. *See* Fed. R. Civ. P. 25(d).

time specified." (*Id.* at 3.) The Court also observed that its error in failing to specify that the dismissal was without prejudice was "not sufficiently exceptional to warrant relief under Rule 60(b)(6)." (*Id.* at 4.) The order noted, however, that the Court had, in effect, granted Winkfield all the relief he was entitled to when it corrected the dismissal order and judgment *sua sponte* under Rule 60(a). (*Id.* at 5 n.2.)

For reasons that are unclear, Winkfield has filed a notice of appeal from the April 20, 2016 order. (Not. of Appeal, ECF No. 12.) The Court of Appeals has asked for a ruling on whether Winkfield is entitled to a certificate of appealability. (Letter, ECF No. 14.)

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at

337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts, however, should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that any appeal by Winkfield on the issues raised in his motions does not deserve attention. The Court properly dismissed the § 2254 Petition for failure to prosecute and then, *sua sponte*, corrected its failure to specify that the dismissal was without prejudice. Winkfield is litigating another § 2254 case that challenges the convictions at issue. There is no other relief available to him. Therefore, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 8th day of August, 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).